Dear Mr. Grace:
In Attorney General's Opinion Number 88-344 this office held that the City of Harahan cannot pay retroactive compensation to city employees for services previously compensated by the city. You have raised an additional question: "Is the city obligated to seek reimbursement of those paYments, when both the city and the employees were acting in the good faith in making and receiving the payments?" It is the opinion of this office that the city of Harahan is not obligated to seek reimbursement, but may do so at its discretion.
The Louisiana Civil Code makes a provisions for the payment of a thing not due. Civil Code Article 2301 states:
 "He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it.
Civil Code Article 2302 states:
 "He who has paid through mistake, believing himself a debtor, may reclaim what he has paid."
Civil Code Article 2303 states:
 "To acquire this right, it is necessary that the thing paid be not due in any manner, either civilly or naturally. A natural obligation to pay will be sufficient to prevent the recovery."
Civil Code Article 2304 states:
 "A thing not due is that which is paid on the supposition of an obligation which did not exist, or from which a person has been released."
The difficult question in this case is whether the payments at issue were in furtherance of a natural obligation. Civil Code Article 1760 states:
 "A natural obligation arises from circumstances in which the law implies a particular moral duty to render a performance."
Civil Code Article 1761 provides:
 "A natural obligation is not enforceable bY judicial action. Nevertheless, whatever has been freely performed in compliance with a natural obligation may not be reclaimed."
In the present case the city of Harahan paid additional compensation to city employees for work for which the emploYees received previous compensation. These circumstances do not seem to imply a particular moral duty on the part of the city to pay additional compensation. The apparent lack of a moral duty is supported by Civil Code Article 1966 which states:
"An obligation cannot exist without a lawful cause."
Civil Code Article 1968 states:
 "the cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy."
As expressed in Opinion Number 88-344 the payment of retroactive compensation for work on which compensation has already been received violates Article 7 § 14 of the Louisiana Constitution. SinCe there is no lawful Cause for suCh payments it follows that the City had no legal or natural obligation to make such paynents. Without a legal or natural obligation the payment by the city was payment of a thing not due.
However the law does not require the city to claim reimbursement. Under Civil Code Article 2302 the City has the discretion as to whether to reclaim what has been paid. The City mistakenly believed that the money was due the employees. Since the payment was made through mistake the Mayor and Board of Alderman of the city of Harahan must decide whether to reclaim what has been paid.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY ______________________ J. Marvin Montgomery Assistant Attorney General
JMM:bwt